IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS DIVISION

| | |
|---|---|
| LORIN ASHTON, BASSNECTAR TOURING, INC., and AMORPHOUS MUSIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SHAWN ORTEZ, KENNETH CLAYTON ELKINS, DOWNRIGHT ENTERTAINMENT, LLC, MISSISSIPPI UNDERGROUND, LLC, JORDAN JULIAN, and JOHN DOES 1-25. <br><br> Defendants. | Case No. 3:25-cv-02181 |

### DECLARATION OF NICOLE O'TOOLE PETERSON PURSUANT TO FED. R. CIV. P. 65(b)(1)(B)

I, Nicole O'Toole Peterson, do hereby state as follows:

1. I am an attorney duly admitted to practice before this Court and counsel of record for Plaintiffs, LORIN ASHTON, BASSNECTAR TOURING, INC., and AMORPHOUS MUSIC, INC. (collectively, "Plaintiffs"), in the above-captioned action. I submit this declaration pursuant to Federal Rule of Civil Procedure 65(b)(1)(B) in support of Plaintiffs' *ex parte* application for a temporary restraining order.

2. I make this declaration based on my personal knowledge, my review of the pleadings and documents in this matter, and communications with my client and third parties.

3. Efforts to Give Notice:

    a. On December 12, 2025, I sent an email to Defendants at their known email

    addresses, attaching Plaintiff's complaint, *ex parte* TRO application, memorandum of points and authorities, proposed order, and supporting papers, advising that Plaintiffs would seek *ex parte* relief.

    b.  On December 12, 2025, I transmitted the papers via Unites States Certified and Regular Mail to Defendants at their known mailing addresses.

    c.  On December 12, 2025, I sent a request to a process server to serve the pleadings on Defendants via personal service at their known mailing addresses.

    d.  I have confirmation that the mailing and email addresses I sent the pleadings to were valid as of at least October 17, 2025, when my firm sent Defendants cease and desist letters to those addresses and the Defendants posted pictures of the cease and desists letters on their social media pages, confirming receipt of the correspondence.

As of the time of this filing, I have not received a response.

    4.    In the alternative, and to the extent the Court determines that the above efforts are insufficient, I respectfully submit that notice should not be required because Plaintiffs face immediate and irreparable harm that will occur before a noticed hearing can be held, specifically irreparable harm to Plaintiffs' business and tortious interference with an event scheduled for the end of this month. Additionally, the requested TRO is narrowly tailored and time-limited to preserve the status quo until the Court can conduct a prompt hearing on a motion for preliminary injunction.

    5.    Plaintiffs stand ready to proceed to a prompt hearing on a preliminary injunction at the Court's earliest convenience, and, if the Court grants the requested *ex*

*parte* TRO, Plaintiffs will promptly serve Defendants with the complaint, the TRO application, all supporting papers, and any order issued by the Court, together with notice of the hearing date set by the Court.

6. Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), I certify that I have (a) described the efforts made to give notice to Defendants as set forth above, and (b) stated the reasons why notice should not be required under the circumstances described.

## VERIFICATION BY CERTIFICATION

The undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that she verily believes the same to be true.

*/s/ Nicole O'Toole Peterson*
Nicole O'Toole Peterson