UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORIN ASHTON, <br> BASSNECTAR TOURING, INC., and <br> AMORPHOUS MUSIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SHAWN ORTEZ, <br> KENNETH CLAYTON ELKINS, <br> DOWNRIGHT ENTERTAINMENT, LLC, <br> MISSISSIPPI UNDERGROUND, LLC, <br> JORDAN JULIAN, and <br> JOHN DOES 1-25, <br><br> Defendants. | Case No. 25-cv-02181-JPG |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order ("TRO") (Doc. 2). Plaintiffs ask the Court to enter a TRO requiring Defendants to delete, remove, and/or destroy all public posts regarding Plaintiffs' New Year's Eve event scheduled to occur at Pop's Night Club located at 1403 Mississippi Ave, Sauget, IL 62201 on December 29-31, 2025; and enjoining Defendants and their agents, employees, or affiliates from re-publishing the removed statements about Plaintiff during the pendency of this litigation. The Court held a hearing on the motion on December 16, 2025. Only Plaintiffs' counsel was present at the hearing. Defendants were personally served with the Verified Complaint and Motion for TRO on December 13, 2025. However, they have not appeared in this case. After the Court set the motion for hearing, Plaintiffs' counsel attempted to provide Defendants with notice of the hearing through both email communication and overnight mail. It is unclear whether all Defendants received notice prior to the hearing.

Plaintiffs allege the following facts in their Verified Complaint (Doc. 1). This litigation arises from two competing New Year's Eve events. Plaintiff Lorin Ashton (known as "Bassnectar") is scheduled to perform a three-night event tilted "Love Here" at Pop's Night Club and Concert Venue located at 1403 Mississippi Ave, Sauget, Illinois 62201. Defendants Mississippi Underground ("MU") and its affiliated company DownRight Entertainment ("DownRight") are promoting a show titled "G Jones B2B EProm NYE" ("GProm") at MU in St. Louis, Missouri, only a ten (10) minute drive from Bassnectar's event. Both events are featuring artists from the EDM community, which puts them in direct competition. MU and DownRight saw Bassnectar as a roadblock to the success of their own GProm event and launched a coordinated online attack against him designed to incite violence, threaten the safety of Love Here Event attendees, derail the Love Here event, and divert attention and ticket sales away from Love Here and to GProm. The targeted attacks include repeatedly calling Bassnectar a "sexual predator" and "pedophile," and falsely reporting bomb threats related to the Love Here event.

This Court may may issue a TRO without notice to the adverse party if "specific facts in . . . a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Before issuing a TRO, the Court must find that (1) Plaintiffs' position has some likelihood of success on the merits; (2) Plaintiffs will suffer irreparable harm if the injunction is not granted, and (3) no adequate remedy at law exists. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015). If these three factors are established, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that

granting or denying the injunction will have on the public interest. *Id.* "[T]he more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Id.*

The Court finds that all factors weigh in favor of issuing a TRO. First, Plaintiffs have shown a likelihood of success on the merits. They have alleged that: (1) Defendants, without privilege or permission, published false statements about Bassnectar to members of the general public and online community calling him a "pedophile" and/or a "predator," (2) Bassnectar has never been convicted of any type of sexual predatory crime nor has any civil judgment ever been entered against him for such behavior, and (3) Bassnectar has suffered damages as a result of Defendants' statements. If Plaintiffs prove these allegations, they will very likely succeed on the merits of their defamation claim. *See Madison v. Frazier*, 539 F.3d 646, 653 (7th Cir. 2008) (stating the elements for a claim of defamation under Illinois law). Second, Plaintiffs have shown irreparable harm. Bassnectar is a musician with over twenty-five (25) years of experience. In other words, his reputation in the entertainment industry has developed for over two decades. Defendants' statements that Basssnectar is a "sexual predator" and/or "pedophile" cause harm to his reputation and goodwill. After reading these statements, his supporters will no longer stream his music, attend events where he is performing, or purchase his merchandise. That is sufficient to show irreparable harm. *See Svanaco, Inc. v. Brand*, No. 15-CV-11639, 2022 WL 22894739, at *3 (N.D. Ill. Sept. 30, 2022) (finding that defamatory statements that caused harm to plaintiff's reputation and goodwill could not "adequately be measured or compensated by monetary damages").

Third, Bassnectar has no adequate remedy at law. If Defendants are permitted to continue

their smear campaign against Bassnectar, his Love Here event will not be able to go as planned nor will Bassnectar be able to seek additional business opportunities. Further, the statements have prompted a boycott of Bassnectar's business. Any damages award would come too late to remedy the harm. Fourth, the balance of hardships favors Bassnectar. The Court finds that Defendants will suffer no harm from having to cease posting and re-posting defamatory and threatening statements about Bassnectar and the Love Here event. *See id.* (concluding that the balance of hardships overwhelmingly favored plaintiff because the court could not discern what harm defendant "would suffer from having to cease his dishonest and harmful attacks against" plaintiff). It will not prevent their GProm event from going on as planned and will not cause any undue harm to their business. Finally, the TRO is in the public's interest. It will prevent potential customers of Bassnectar from being confused or misled by Defendants' statements. *See id.* (determining that an injunction served the public interest by protecting potential customers of plaintiff "from being confused and mislead by false information about" plaintiff). In addition, it is in the public's interest to prevent additional threats of violence aimed at Bassnectar's public event. *See Bevis v. City of Naperville*, 657 F. Supp. 3d 1052, 1077 (N.D. Ill. Feb. 17, 2023) ("The protection of public safety is . . . unmistakably a 'public interest.'").

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' Emergency Motion for Temporary Restraining Order ("TRO") (Doc. 2). To preserve the status quo pending a hearing on Plaintiffs' Motion for Preliminary Injunction, the Court ISSUES the following TRO:

> Defendants and their agents, employees, and affiliates having actual notice of this Order are hereby restrained and enjoined from posting or re-publishing any defamatory and threatening posts about Plaintiffs or their Love Here event scheduled to occur at Pop's Night Club located at 1403 Mississippi Ave, Sauget,

IL 62201 on December 29-31, 2025.

This Order is issued on December 16, 2025, at 3:25 pm, and, unless extended, shall expire on December 30, 2025, at 3:25 pm, or upon further order of the Court, whichever is earlier. The Court will hold a hearing on Plaintiff's Motion for Preliminary Injunction on December 22, 2025, at 10:00 am in the federal courthouse in Benton, Illinois.

**IT IS SO ORDERED.**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**