20426/055051

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

LORIN ASHTON, BASSNECTAR
TOURING, INC., and AMORPHOUS
MUSIC, INC.,

                Plaintiffs,

v.                                                                                  3:25-cv-02181-JPG

SHAWN ORTEZ, KENNETH CLAYTON
ELKINS, DOWNRIGHT
ENTERTAINMENT, LLC, MISSISSIPPI
UNDERGROUND, LLC, JORDAN JULIAN,
and JOHN DOES 1-25,

                Defendants.

## PROTECTIVE ORDER

A party having moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for the entry of such order to the extent that the dissemination of documents produced in discovery governed by the Federal Rules of Civil Procedure shall be limited as set forth, *infra.* Good cause is established due to the fact that the discovery in the case is likely to involve information not otherwise publicly available absent this litigation, personal and financial, and other information treated as non-public, private information by a party or producing non-party. This Order is intended to protect the privacy interests of parties and non-parties, facilitate the quick and efficient production of discovery, and allow for the dissemination of information for purposes unrelated to this litigation when there is a demonstrated need.

1. **Scope.**

   **(a)**    A party may designate discovery as "Confidential" and subject to this protective order when a party has a good-faith belief such designation is necessary to protect the privacy interests of parties and non-parties in material that is not publicly available and that the public disclosure of said material could cause personal or professional harm to a party or non-party.

   **(b)**    This order does not mandate the designation of discovery as "Confidential" under this protective order, except for materials obtained through litigation in *Ramsbottom v. Ashton,* M.D. Tenn. No. 21-272, which must be designated "Confidential" under this order.

   **(c)**    This Order does not apply to discovery produced by a party or non-party pursuant to a request made under a state or federal freedom of information law.

   **(d)**    This Order does not apply to transcripts of deposition testimony, unless a party moves after conferral with opposing counsel, that this Order apply to said deposition transcript or a portion thereof.

2. **Limitation on disclosure.**

   **(a)**    Discovery within the scope of this Order as set forth in Section 1 shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

   **(b)**    Discovery subject to this Order may be disclosed to the following persons in the course of this litigation:

   **(i)**    **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

   **(ii)**    **Parties.** Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

   **(iii)**    **This Court and any other Court before which this litigation is or may be pending and those courts' personnel.**

2

(iv)    **Court Reporters and Recorders used in this litigation.**

(v)    **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi)    **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

(vii)    **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary.

(viii)    **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(ix)  **Others by Consent.** Other persons only by written consent of the producing party.

(c)    Prior to a person disclosing discovery subject to this Order to a person listed in Section (b)(ii) (v), (vi), (viii), and (ix), the person making the disclosure must inform the person to whom the discovery is produced that disclosure to and by them is subject to this Order.

(d)    Prior to producing specific discovery, a party may seek to further limit disclosure of that discovery than allowed in Section 1(b)(2) by agreement of the parties or further order of the Court. A party may, after conferral with opposing counsel, file a motion seeking additional limitations on disclosure, which shall set forth with specificity the discovery, or categories of discovery, for which additional protection is sought and why.

3.    **Filing of discovery subject to this Order and use in Court proceedings**

(a)    This Order does not require the filing of any document under seal. A party who wishes to file a document under seal must seek leave to do so and establish a legal basis for why such document may and should be sealed under applicable law.

**(b)** This Order does not prohibit or limit the use or disclosure of any discovery during the course of any public court proceedings in this litigation, including hearings and trial.

**4.    Relief from this Order**

**(a)** A party may disclose discovery subject to this Order by agreement of the parties or further order of the Court.

**(b)** A party seeking to disclose discovery subject to this Order may, after conferral with opposing counsel, file a motion with the Court seeking relief from this Order. Such motion shall indicate with specificity the discovery, or categories of discovery, which the party seeks to disclose; to whom; and the reason for the requested disclosure, unless such information would reveal attorney-client communications or attorney work product.

**5.    Conferral**

Prior to filing any motion related to this Order, the parties must confer and so certify in any motion related to this Order. A motion which fails to include such certification shall be stricken. Conferral must include at least one telephone or in-person meeting between or among counsel, unless the issue is resolved by the parties through written conferral.

**6.    Violation of this Order**

Any person subject to this Order who intentionally violates the limitations on the disclosure of discovery set forth herein shall be subject to this Court's contempt powers, in addition to any other sanctions allowed under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATE:   May 15, 2026 

_____
United States District Court Judge

13853618

4